**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Lee MILLER, Defendant–**
**Appellant.**

**No. 02–3546.**

United States Court of Appeals,
Sixth Circuit.

June 26, 2002.

Before BOGGS, CLAY, and GILMAN, Circuit Judges.

*ORDER*

The defendant has been indicted for conspiracy to possess with intent to distribute in excess of 1000 kilograms of marijuana and interstate travel to promote illegal activity. On the government's motion, the magistrate judge ordered the defendant be detained pending trial. The defendant subsequently moved to vacate that decision, and the district judge conducted an evidentiary hearing. Following the hearing, the district court entered a decision denying the defendant's motion. The defendant now appeals. The defendant has waived oral argument, and this panel is in unanimous agreement that oral argument would not aid the decisional process. Fed. R.App. P. 34(a)(2).

A defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act. 18 U.S.C. § 3142(e).

The defendant has been charged with a crime under the Controlled Substances Act that carries a statutory penalty of between ten years and life imprisonment. The presumption in favor of detention thus ap-

plies. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985) (indictment sufficient to establish probable cause). The district court held that the defendant had not overcome that presumption. Upon consideration of the district court's decision, the transcript of the hearing, and the briefs filed by the defendant and the government, we conclude that the district court did not err in so holding.

The district court's decision declining to vacate the detention order and refusing to set a bond pending trial hereby is **AFFIRMED**.